# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

 Plaintiff,

 v.                 Case No. 14-CR-109

**DALE L. WILLIAMS,**

 Defendant.

## DECISION AND ORDER ON DEFENDANT'S
## PRETRIAL MOTION TO SEVER COUNTS

On July 22, 2014, a federal grand jury in the Eastern District of Wisconsin returned a four-count superseding indictment against Dale L. Williams ("Williams"). In Count One, Williams is charged with failing to register under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Williams is charged in Count Two with attempting to persuade, induce, entice, and coerce a minor to engage in a prohibited sexual activity, in violation of 18 U.S.C. § 2422(b). In Count Three, Williams is charged with knowingly and intentionally possessing marijuana, in violation of 21 U.S.C. § 844. Williams is charged in Count Four with committing a felony offense involving a minor, as charged in Count Two, when he was required to register as a sex offender, in violation of 18 U.S.C. § 2260A. Williams was arraigned on the charges and entered a plea of not guilty. Jury trial before the Honorable Rudolph T. Randa is adjourned pending resolution of pretrial motions.

Presently before me is Williams' motion to sever Count One (failure to register under SORNA) from Count Two (attempting to coerce a minor to engage in sexual activity). (Docket # 22.) The motion has been fully briefed and is ready for resolution. For the reasons discussed below, Williams' motion will be granted.

## BACKGROUND

Although Williams is charged in a four-count indictment, only the first two counts are at issue in this motion. As previously stated, Williams is charged in Count One of the superseding indictment with failure to register as a sex offender under SORNA. Specifically, the superseding indictment alleges that Williams was convicted in Illinois of Criminal Sexual Assault on or about November 27, 1991. (Docket # 12 at 1.) It further alleges that on or about February 28, 2012, Williams traveled to Wisconsin, where he resided. (*Id.*) Count One further alleges that Williams was required to register with the State of Wisconsin under SORNA, and failed to do so from or about February 28, 2012 to approximately March 21, 2014. (*Id.*) Count Two alleges that on or about March 21, 2014, Williams used a facility and means of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity, which is a criminal offense under Wisconsin law. (*Id.* at 2.)

## DISCUSSION

Federal Rule of Criminal Procedure 8(a) permits two or more offenses to be charged in the same indictment if the offenses charged are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); *see also United States v. Quinn*, 365 U.S. 256, 263 (1966). Rule 8(a) is to be "broadly construed . . . 'to allow liberal joinder in order to enhance judicial efficiency.'" *United States v. Nettles*, 476 F.3d 508, 516 (7th Cir. 2007) (quoting *United States v. Stillo*, 57 F.3d 553, 556 (7th Cir. 1995)). However, even when offenses are properly joined under Rule 8(a), a court may order separate trials of those offenses when their joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). "[P]rejudice requiring severance is not shown if evidence on the severed counts would be admissible in the trial of the remaining counts." *United States v. Quilling*, 261 F.3d 707, 715 (7th Cir. 2001) (citation omitted). "It is not enough for the defendant to show that

separate trials for the charges may have provided him with a better opportunity for acquittal." *United States v. Ervin*, 540 F.3d 623, 629 (7th Cir. 2008) (citation omitted).

In this case, Williams argues that Counts One and Two are improperly joined because they are not of the same or similar character, not based on the same act or transaction, and not part of a common scheme or plan. Further, Williams argues that even if the two counts are properly joined they should be severed under Federal Rule of Criminal Procedure 14 because jointly trying the two counts would compromise his right to a fair trial. The government responds that the two counts are properly joined because they are of the same or similar character and are based on the same act or transaction. The government also responds that any risks of prejudice to Williams that would result in a joint trial can be addressed by jury instructions. I will address each argument in turn.

First, the government, citing to *United States v. Turner*, 93 F.3d 276, 283-84 (7th Cir. 1992) argues that Count One (SORNA violation) and the Count Two (attempted child enticement) are of the same or similar character because they arise from two closely-related statutory provisions stemming from the Adam Walsh Act. *Turner* concerned the joinder of a count of a substantive charge of possessing with intent to distribute methamphetamine with a count of conspiracy to distribute methamphetamine. The Seventh Circuit noted that even though the defendant was alleged to have committed the substantive offense outside the time frame of the conspiracy, the two offenses were categorically related. The court further stated that the indictment alleged the violation of two "closely related statutory prohibitions," and each count involved the same controlled substance. Accordingly, the court found the two offenses were of the same or similar character and properly joined.

Here, I am not convinced that a SORNA violation and an attempted child enticement violation are of the same type or class simply because the statutes were passed as part of the same act, as the two offenses (substantive charge of possessing with intent to distribute methamphetamine and conspiracy to distribute methamphetamine) in *Turner* were. To begin, non-compliance with a

registration requirement, unlike child enticement, is a status offense. Additionally, to the extent they are both sex offenses, failure to register as a sex offender is a step removed from the underlying conviction giving rise to the registration requirement. *See United States v. Two Hearts*, No. CR 12-30108, 2013 WL 175780, *3 (D.S.D. Jan. 16, 2013) (granting severance of SORNA count from count alleging aggravated sexual abuse of a child because the offenses were not of the same or similar character). Under *Turner*, joinder of conspiracy to commit child enticement and a substantive count of child enticement would follow, but not failure to register and child enticement. Because the two offenses are not of the same category, I do not find that they are of the same or similar character and therefore are not properly joined.

I am also not persuaded that the offenses are of the same act and transaction. "'Transaction' under Rule 8(a) is a word of flexible meaning and 'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *United States v. Woody*, 55 F.3d 1257, 1267 (7th Cir. 1995) (quoting *United States v. Berardi*, 675 F.2d 894, 899–900 (7th Cir. 1982)). "In determining whether the connection between the acts charged is sufficient to meet the requirements of joinder under Rule 8(a), the court should be guided by the extent of evidentiary overlap." *Berardi*, 675 F.2d at 899-900.

Here, the government argues that since the same acts that lead the defendant to be charged with child enticement resulted in the government's ability to charge him with the failure to register, they result from the same act or transaction. The government does not articulate evidentiary overlap in the commission of the two offenses. Rather, the government articulates investigatory overlap—the two offenses were detected in the same investigation. This is not the same as the offenses arising out of the same act or transaction. Same acts or transactions generally focuses on the underlying acts that constitutes the criminal charges, not necessarily the investigation. In other words, though the same acts led to the detection of the defendant, the same acts did not lead to the commission of the

two offenses. The failure to register was neither part and parcel of the child enticement charge nor necessary to its commission and vice versa. Other than the same defendant, there is no linkage or connection between the two offenses. Thus, the offenses are also not properly joined as arising out of the same act or transaction.

Finally, even if joinder was proper under Rule 8(a), separate trials on Counts One and Two are necessary because of the substantial risk of prejudice to Williams. *See* Fed. R. Crim. P. 14(a). To prove a violation of SORNA, the government must show that (1) the defendant was required to register under SORNA; (2) the defendant knowingly failed to register as required by SORNA; and (3) the defendant traveled in interstate commerce after failing to register. Seventh Circuit Pattern Criminal Federal Jury Instructions for 18 U.S.C. § 2250(a). Whereas, to prove a violation of § 2422(b), the government must prove that (1) the defendant used a facility or means of interstate commerce to knowingly entice the person to engaged in sexual activity; (2) the person was less than 18 years of age; (3) the defendant believed the person was less than 18 years of age; and (4) if the sexual activity had occurred, the defendant would have committed a criminal offense. Seventh Circuit Pattern Criminal Federal Jury Instructions for 18 U.S.C. § 2422(b).

Accordingly, there is no overlap of evidence needed to prove these two offenses. Again, whether or not Williams enticed a child is not relevant to whether he updated his sex offender registry and vice versa. Thus, if the jury learns that Williams is a convicted sex offender, this evidence would prejudice the jury with respect to the child enticement charge. Other district courts have reached the same conclusion. In *United States v. Caraway*, No. 08-CR-117A, 2010 WL 275084 (W.D.N.Y. Jan. 20, 2010), the court severed a SORNA count from a count charging possession of child pornography. Regarding prejudice to the defendant, the court stated: "this Court is of the view that if the jury learned that the defendant is a convicted sex offender in connection with the government's case-in-chief on the failure to register charge, such evidence would substantially

prejudice the jury with respect to the possession of child pornography charge."*Id.* at *3. Similarly, the court in *Two Hearts* severed a SORNA count from a count of aggravated sexual abuse, finding that "real and clear prejudice" to the defendant would result "should the Government be able to introduce in its case-in-chief for aggravated sexual abuse that [the defendant] is required to register as a sex offender because of a prior conviction on a sex offense." 2013 WL 175780 at *3.

**NOW, THEREFORE, IT IS ORDERED** that Williams' motion for severance (Docket # 24) is **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 5th day of May, 2015.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge